IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHARLES R. HUGHES, | ) | C.A. NO. |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | (Jury Trial Requested) |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Protective Insurance Company files this Notice of Removal removing this action from the Court of Common Pleas of Horry County, South Carolina. The grounds for removing this action are as follows:

1. This action is being removed pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a)(1).

2. Plaintiff, Charles R. Hughes, commenced this action on February 28, 2017, by filing a Complaint in the Court of Common Pleas for Horry, South Carolina, styled *Charles R. Hughes v. Protective Insurance Company*, C.A. No.: 2017-CP-26-1197 ("State Court Action"). A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because the Complaint was filed on February 28, 2017 and is therefore removing within thirty (30) days

of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

4. This is a proceeding in which Plaintiff alleges breach of contract and bad faith arising out of the Defendant's proper denial of insurance benefits.

5. Pursuant to 28 U.S.C. § 1446(d), this Defendant will promptly serve a copy of this Notice of Removal upon counsel for the Plaintiff and will promptly file a copy of the same with the clerk of the Horry County, South Carolina, Court of Common Pleas.

## DIVERSITY OF CITIZENSHIP

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7. Plaintiff is a citizen and resident of Horry County, South Carolina. *See* **Exhibit A**, ¶ 1.

8. Protective Insurance Company is a corporation organized and existing under the laws of the State of Indiana and maintains its principal place of business in Indiana. *See* **Exhibit B**.

9. Accordingly, complete diversity exists amongst the parties since Plaintiff is a citizen of South Carolina and Protective Insurance Company is a citizen of Indiana.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint alleges Defendant's conduct was the direct and proximate cause of the injuries to the Plaintiff. Plaintiff's prayer for relief seeks damages for: (a) Plaintiff's actual damages as found by the jury; (b) the sum of health insurance coverage the Plaintiff would receive; (c) punitive damages; (d) reasonable attorneys' fees; (e) costs of suit; (f) pre-judgment interest; and (g) for such other and further relief at law or equity, both in general and special, as to which Plaintiff shows himself to be entitled.

11. Defendant's counsel mailed Plaintiff's counsel a proposed Stipulation of Amount in Controversy requesting that Plaintiff's counsel respond by the end of the day on March 22,

2017 to avoid removal, a copy of which is attached hereto as **Exhibits C & D**. Plaintiff's counsel refused to sign the Stipulation of Damages limiting the Plaintiff's damages to no more than $74,999.00.

12. Plaintiff's refusal to sign the stipulation not to seek damages in excess of $74,999.00 demonstrates to a legal certainty that the amount in controversy requirement for diversity jurisdiction is met in this case. *See, e.g., Kitchens v. State Farm Ins. Co.*, C/A No.: 3:01-2345-10, n.1 (D.S.C. July 2, 2001) (Shedd, J.) (**Exhibit E**) ("Plaintiff could have easily achieved his goal of remaining in state court by agreeing to a binding stipulation concerning damages, and his refusal to do so is very telling about his belief as to the judgment amount he actually seeks in this case.").

13. Accordingly, these proceedings are of a civil nature and involve a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Complaint.

## **VENUE**

14. Venue lies in this Court, i.e., the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of South Carolina, and the Horry County, South Carolina, Court of Common Pleas is located in the Florence Division of the District of South Carolina. Venue therefore is proper in this Court because it is in the "district and division embracing the place where such action is pending."

WHEREFORE, Defendant prays that this Court accept this Notice of Removal and that this Honorable Court take jurisdiction of the above-entitled proceeding and all further proceedings in the Court of Common Pleas, Horry County, State of South Carolina, be stayed.

    Respectfully submitted,

    YOUNG CLEMENT RIVERS, LLP

    By:  *s/Stephen L. Brown*
    Stephen L. Brown, Federal ID #: 6428
    Mary S. Willis, Federal ID #: 12388
    25 Calhoun Street, Suite 400, Charleston, SC 29401
    P.O. Box 993, Charleston, SC  29402
    Telephone: (843) 720-5447
    Facsimile: (843) 579-1369
    E-mail:  sbrown@ycrlaw.com; mwillis@ycrlaw.com
    *Attorneys for the Defendant Protective Insurance Company*

Charleston, South Carolina

Dated: March 24, 2017

- 4 -