*Law Offices of*
**DANIEL H. SHINE**
211 WEST HAMPTON STREET
DILLON, SOUTH CAROLINA 29536

TELEPHONE: (843) 774-2400
FAX: (843) 774-1088

Baldwin & Lyons, Inc.
FEB 2 8 2017
Legal Department

DANIEL H. SHINE
ds@shinelawoffice.com
Certified Circuit Court Mediator
Certified Family Court Mediator
Certified Circuit Court Arbitrator

E. LEARY MCKENZIE
elm@shinelawoffice.com

February 23, 2017

Protective Insurance Company
Attn: Legal
111 Congressional Blvd.
Suite 500
Carmel, IN

RE: Charles R. Hughes v. Protective Insurance Co.
Docket No.: 2017-CP-26-1197
Filed February 23, 2017

Dear Sir or Madam:

Please see the attached letter to your registered agent for service of process as well as a courtesy copy of the Summons and Complaint in the above referenced action.

With kind regards, I remain,

Yours truly,

E. Leary McKenzie

encs.
cc:    Client

**EXHIBIT A**

*Law Offices*
*of*
# DANIEL H. SHINE
211 WEST HAMPTON STREET
DILLON, SOUTH CAROLINA 29536

TELEPHONE: (843) 774-2400
FAX: (843) 774-1088

DANIEL H. SHINE
ds@shinelawoffice.com
Certified Circuit Court Mediator
Certified Family Court Mediator
Certified Circuit Court Arbitrator

E. LEARY MCKENZIE
elm@shinelawoffice.com

February 23, 2017

**<u>Via Certified Mail, Return Receipt Requested</u>**
CT Corporation System
Registered Agent for Service of Process
Protective Insurance Company
150 West Market St.
Suite 800
Indianapolis, IN 46204

    RE:    Charles R. Hughes v. Protective Insurance Co.
            Docket No.: 2017-CP-26-1197
            Filed February 23, 2017

Dear Sir or Madam:

    Please see the enclosed Summons and Complaint in the above referenced action which I hereby serve upon you.

    With kind regards, I remain,

            Yours truly,

            E. Leary McKenzie

encs.
cc:    Protective Insurance Company
        Client

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | |
| | ) | |
| Charles R. Hughes | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2017-CP - 26 - 1197 |
| vs. | ) | |
| | ) | Baldwin & Lyons, Inc. |
| Protective Insurance Company | ) | FEB 28 2017 |
| Defendant(s) | ) | Legal Department |

Submitted By: E. Leary McKenzie      SC Bar #: 101808
Address: 211 West Hampton St., Dillon, SC 29536    Telephone #: 843-774-2400
                                                    Fax #: 843-774-10887
                                                    Other:
                                                    E-mail: elm@shinelawoffice.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

[X] **JURY TRIAL** demanded in complaint.    [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [X] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20___ -NI- ___-_____ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ Warranty (160) | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
| | [ ] Other (299) _____ | [ ] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment Discrim (170) | | [ ] Slander/Libel (380) | [ ] Other (499) _____ |
| [ ] Employment (180) | | [ ] Other (399) _____ | |
| [ ] Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
| | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
| | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
| | [ ] Other (899) | [ ] Transfer of Structured Settlement Payment Rights Application (760) | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Public Service Comm. (990) |
| | | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |
| Special/Complex /Other | | [ ] Petition for Workers Compensation Settlement Approval (780) | |
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | | [ ] Other (999) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | [ ] Other (799) _____ | |
| [ ] Other (699) _____ | [ ] Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| [ ] Sexual Predator (510) | [ ] Pre-Suit Discovery (670) | | |
| [ ] Permanent Restraining Order (680) | | | |

Submitting Party Signature: _/s/ [signature]_     Date: 2/23/17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)                                    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
    **Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | DOCKET NO.: 2017-CP-26- |
| ) | |
| Charles R. Hughes, ) | |
| ) | SUMMONS |
| Plaintiff, ) | (JURY TRIAL DEMANDED) |
| ) | |
| V. ) | |
| ) | |
| Protective Insurance Company, , ) | |
| ) | |
| Defendant. ) | |

TO: THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Shine Law Offices, 211 West Hampton Street, Dillon, South Carolina 29536, within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgement by default will be rendered against you for the relief demanded in the Complaint.

*SHINE LAW OFFICES*

E. Leary McKenzie
SC Bar No.: 101808
211 West Hampton St.
Dillon, SC 29536
843-774-2400
elm@shinelawoffice.com

Dillon, South Carolina
February 23, 2017

Law Offices of
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | DOCKET NO.: 2016-DR-26- |
| ) | |
| Charles R. Hughes, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| V. ) | |
| ) | |
| Protective Insurance Company, , ) | |
| ) | |
| Defendant. ) | |

The Plaintiff complains of the Defendant as follows:

1. Plaintiff is a citizen and resident of Conway in Horry County, South Carolina.

2. Defendant, Protective Insurance Company (hereinafter "Defendant"), is an Indiana company doing business in the State of South Carolina, and at all times relevant hereto, was the provider of work accident insurance to the Plaintiff.

3. Defendant issued its policy of insurance to the Plaintiff in approximately June 1, 2010, Contract/Policy Number: V0001952 (hereinafter "the Policy"). Plaintiff thereafter began paying premiums to Defendant for the insurance coverage. Defendant accepted payment of the premiums.

4. On or about August 18, 2010, Plaintiff was injured while working and suffered injuries which would require a significant amount of medical treatment and monitoring. Plaintiff's condition was a covered injury under the Policy. Plaintiff incurred medical costs as a result of his condition and properly filed claims in accordance with the Policy under Defendant's Claim # 97-84881.

5. By letter dated June 18, 2013, Defendant notified the Plaintiff that Defendant was terminating his coverage for covered injury, effective February 25, 2014. This letter further

Law Offices
of
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

informed the Plaintiff that the basis for this cancellation was that Plaintiff had failed to meet the requirements for disability under the policy due to him based solely on what his treating physician prescribed in the way of restrictions and recommended exercise.

6. Plaintiff continued under a disability that met the requirements of the policy at the termination date of February 25, 2014.

7. The Plaintiff is now, and at all times relevant hereto, has been entitled to work accident insurance coverage under the terms and conditions of the Policy.

8. Plaintiff has complied with all requirements and conditions precedent of the Policy.

9. Despite Plaintiff's demands, Defendant has failed and refused, and continues to fail and refuse, to provide the work accident insurance coverage to which the Plaintiff is entitled.

10. Defendant's actions caused the Plaintiff to suffer damages, including loss of medical treatment and monitoring, further injury, loss of self-esteem, severe humiliation and degradation, embarrassment, anguish, loss of good credit standing, financial hardship, and other damages to be shown at trial.

11. Defendant owed Plaintiff the duties and standards of care set forth and implied in the Trade Practices Act, S.C. Code Ann. section 38-57-10 et seq.

12. Defendant additionally owed Plaintiff the duties and standards of care set forth and implied in the Claims Practices Act, S.C. Code Ann. section 38-59-10 et seq.

13. Plaintiff is a member of the class of people in South Carolina that the afore-referenced laws were intended to protect; i.e., the holders of insurance policy contracts.

14. At all times mentioned, Defendant agreed to act in good faith and deal fairly with Plaintiff when the parties entered into the insurance policy contract and Defendant accepted



*Law Offices of*
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

premiums from Plaintiff. Nevertheless, Defendant has refused and failed to act in good faith and to deal fairly with the Plaintiff and has breached its duties to the Plaintiff.

15. Defendant owed Plaintiff the duties described above, and as such, Defendant was required by law to treat the Plaintiff fairly, reasonably, and in good faith, doing nothing to wrongfully impair the Plaintiffs right and ability to receive the benefits provided under the Policy of insurance.

16. Defendant acted in bad faith, without just cause, negligently, carelessly, and unreasonably, in willful and reckless disregard of the Plaintiff's rights under the Policy, in the following particulars:

  a. failing to provide the insurance benefits to which the Plaintiff was entitled;

  b. terminating Plaintiff's insurance coverage;

  c. failing to adopt and implement reasonable standards for the prompt investigation and honoring of claims arising under its policies;

  d. failing to conduct an adequate investigation of Plaintiff's claims before terminating the Policy;

  e. not attempting in good faith to effect prompt, fair and equitable settlement of claims submitted to it in which coverage is undeniably due;

  f. invoking policy defenses not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission of benefits, but for the primary purpose of discouraging or reducing a claim;

  g. maintaining a frivolous position with regard to the payment of claims;

  h. compelling policyholders to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;

Law Offices of
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

i. engaging in unfair claims practices;

j. engaging in other practices which constitute an unreasonable failure to pay or to settle in full, claims arising under its policy; and

k. failing to act as a reasonable and prudent insurance company would act under the circumstances then and there prevailing.

17. Defendant's actions as stated above violate the provisions of S.C. Code Ann. section 38-59-20 and S.C. Code Ann. Section 38-57-10, as Defendant has failed to attempt in good faith to effect a prompt, fair, and equitable settlement of the Plaintiff's claim, and have compelled him to institute this lawsuit in order to recover the full benefits and amounts reasonably due and payable to him.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage, including further injury, loss of self-esteem, severe humiliation and degradation, embarrassment, anguish, loss of good credit standing, loss of medical treatment, financial hardship, and other damages to be shown at trial.

## FOR A FIRST CAUSE OF ACTION

(Breach of Contract)

19. Plaintiff re-alleges all preceding paragraphs as if repeated fully herein.

20. At all times relevant herein, Plaintiff had a policy of insurance with Defendant. Plaintiff has paid all premiums due and complied with all conditions imposed under the Policy. Defendant accepted Plaintiff's premiums.

21. Defendant's actions as stated above constitute a breach of its contract to provide the Plaintiff with work accident insurance.

22. As a result of Defendant's actions, Plaintiff has been damaged in an amount to be

Law Offices of
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION

(Bad Faith)

23. Plaintiff re-alleges the preceding paragraphs as if fully repeated herein.

24. At all times material hereto, there existed a mutually binding contract of insurance between Plaintiff and Defendant.

25. Plaintiff has performed all conditions precedent as required by Defendant's policy for filing a claim and receiving benefits.

26. Defendant has improperly refused to honor Plaintiff's claim and committed the other above-described acts intentionally and with reckless disregard for the likelihood of causing the Plaintiff to suffer further economic losses. In the alternative, Defendant committed these acts at all times to further its own economic interest at the expense of the Plaintiff's interest.

27. By its afore-described actions, Defendant breached its duties of good faith and fair dealing which it owed to Plaintiff.

28. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered damage, including loss of self-esteem, severe humiliation and degradation, embarrassment, anguish, loss of good credit standing, loss of medical treatment, financial hardship, further injury and other damages to be shown at trial. As a further direct and proximate result of Defendant's conduct, the Plaintiff has incurred and will incur attorneys' fees, costs, and expenses and other special damages in an amount not yet determined.

## FOR A THIRD CAUSE OF ACTION

(Statutory Attorneys' Fees)

29. Plaintiff re-alleges the preceding paragraphs as if fully repeated herein.

Law Offices of
DANIEL H. SHINE
211 W. HAMPTON ST.
DILLON, SC 29536
TELEPHONE:
(843) 774-2400

30. The standard of care and duty that insurers owe to insured persons as set forth in S.C. Code Ann. section 38-59-40 requires an insurer to pay the insured within ninety days after a claim has been made. If the insurer fails or refuses to pay within such time, without reasonable cause or in bad faith, the insurer is liable to the insured for reasonable attorney's fees necessitated by the insurer's failure or refusal to honor Plaintiff's claim.

31. Defendant in bad faith and without reasonable cause, negligently, wantonly, willfully and/or in reckless disregard of the rights of the insured, failed and continues to fail to timely provide the work accident coverage rightly due to the Plaintiff.

32. Plaintiff is entitled to attorneys' fees proximately caused by Defendant's actions described herein.

WHEREFORE, Plaintiff prays this Court for judgment against Defendant for the following:

a. Plaintiff's actual damages as found by the jury;

b. the sum of health insurance coverage the Plaintiff would receive;

c. punitive damages;

d. reasonable attorneys' fees;

e. costs of suit;

f. pre-judgment interest; and,

g. for such other and further relief at law or equity, both in general and special, as to which Plaintiff shows himself to be entitled.

*(Signature on Following Page)*
Law Offices of
DANIEL H. SHINE
111 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

SHINE LAW OFFICES

_____
E. Leary McKenzie
SC Bar No.: 101808
211 West Hampton St.
Dillon, SC 29536
843-774-2400
elm@shinelawoffice.com

Dillon, South Carolina
February 23, 2017

Law Offices of
DANIEL H. SHINE
11 W. HAMPTON ST.
DILLON, SC 29536

TELEPHONE:
(843) 774-2400

Law Offices
of
**DANIEL H. SHINE**
211 WEST HAMPTON STREET
DILLON, SOUTH CAROLINA 29536

Baldwin & Lyons, Inc.
FEB 2 8 2017
Legal Department

Protective Insurance Company
Attn: Legal
111 Congressional Blvd.
Suite 500
Carmel, IN



02  1P
0004702815  FEB 23 2017
MAILED FROM ZIP CODE 29536
UNITED STATES POSTAGE
$ 000.88⁵
PITNEY BOWES